# UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE

ROBERT DEL TORO

        Plaintiff,

vs.

MAGNUM CONSTRUCTION SERVICES, INC, and ANTHONY J. MAGADINO, individually,

        Defendants.
_____/

CASE NO.

DEMAND FOR JURY TRIAL

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT DEL TORO ("Plaintiff" or "Del Toro"), by and through undersigned counsel, hereby files this Complaint for Damages and Demand for Jury Trial, against Defendants, MAGNUM CONSTRUCTION SERVICES, INC. ("Magnum"), a Florida for profit corporation, and ANTHONY J. MAGADINO, individually ("Magadino"), and alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as this action includes a claim for unpaid overtime wages under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA"), and an additional compulsory claim under Florida law.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arose under 29 U.S.C. §216(b).

3. Venue is appropriate in the United States Southern District of Florida, as the causes of action alleged by Plaintiff occurred in Broward County and Miami-Dade County, Florida.

## PARTIES

4. At all times material to this action, Plaintiff was a resident of Broward County, Florida, and is otherwise sui juris.

5. At all times material to this action, Defendant, Magnum, was, and continues to be, a Florida for profit corporation, doing business throughout Florida, with its principal place of business situated at 4521 PGA Blvd., Unit 509, Palm Beach Gardens, Florida, and is otherwise sui juris.

6. Upon information and belief, Defendant, Magadino, was, and continues to be, an individual residing in Palm Beach County, Florida, and is otherwise sui juris.

7. Defendant, Magadino, is the president of Magnum, and at all times material hereto exercised day-to-day control of operations of Magnum and is involved in the supervision and payment of Magnum's employees.

8. Defendants, Magnum and Magadino are collectively referred to as the "Defendants".

9. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §206 and §207 of the FLSA.

10. At all times material to this action, Plaintiff was an "employee" of Magnum within the meaning of the FLSA.

11. At all times material to this action, Magnum was Plaintiff's "employer" within the meaning of the FLSA.

12. Defendant Magnum was, and continue to be, an "employer" within the meaning of the FLSA.

13. At all times material to this action, Defendant, Magnum, was, and continues to be,

an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. At all times material to this action, Magnum had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendants' commercial activities.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about January 29, 2018, Del Toro began working for Magnum as a non-exempt employee, earning a wage of $25.00 per hour.

17. Del Toro's duties with Magnum consisted of project manager at several construction sites in Broward County, Miami-Dade County and Palm Beach County.

18. Del Toro worked for Defendants from January 29, 2018 through April 24, 2018, at which time Plaintiff's employment relationship with Defendants was terminated by Defendants.

19. As an hourly rate employee working for Mangum, Plaintiff was to be paid $1,000.00 per week for a forty (40) hour work week.

20. Magnum agreed to pay Del Toro weekly.

21. As a non-exempt employee of Magnum, Del Toro was also entitled to overtime wages at an hourly rate of one and one-half Del Toro's regular hourly rate or $37.50. for every hour Del Toro worked over forty (40).

22. During Del Toro's employment with Magnum, Plaintiff often worked in excess of

3

forty (40) hours per week, including working Saturdays in the furtherance of Defendants' business.

23. However, Magnum failed to compensate Del Toro for overtime hours worked in excess of forty (40) hours.

24. At all times material to this Complaint, Defendants failed to comply with the FLSA by failing to properly pay Del Toro overtime compensation.

25. As a result of Magnum's failure to keep accurate records of Plaintiff's regular hours and overtime hours, the parties disputed the amount of overtime wages that Plaintiff was entitled to receive.

26. The parties subsequently entered into a verbal agreement wherein the Plaintiff's overtime compensation due and owing Plaintiff was established to be $8,000.00 for all overtime hours worked for Defendants.

27. Defendant agreed to pay Plaintiff his overtime wages in weekly installments of $1,000.00 per week commencing on April 27, 2018, and making payments every Friday thereafter for the subsequent seven (7) weeks.

28. On or about April 27, 2018, Defendant paid Plaintiff $1,000.00 towards the balance of Plaintiff's overtime wages,

29. However, Defendants ceased making payments after April 27, 2018 and thereafter terminated any and all communications with the Plaintiff.

30. Defendants owe Plaintiff a sum of $7,000.00 in outstanding overtime wages that remains due and owing as of the time of the filing of this Complaint.

31. Additionally, Defendants failed to compensate Plaintiff for the last three days of work that Plaintiff worked for Defendants, April 22, 2018 through April 24, 2018.

32. As a result, Defendants owe Plaintiff regular wages in the amount of $600.00.

33. Defendants' failure to pay Plaintiff his overtime wages for hours worked over 40 hours per week, constitutes violations of the overtime laws under §207 of the FLSA.

34. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

35. However, upon information and belief, it is alleged that Defendants failed to maintain proper and accurate time records, as mandated by §211 of the FLSA.

36. Defendants' failure and/or refusal to properly compensate Del Toro under the standards required under the FLSA was willful and unlawful.

37. In fact, Defendants engaged in this systematic scheme of exploiting workers for their labor, while refusing to pay employees, including Plaintiff, their agreed upon wages and earned overtime wages.

38. Plaintiff has retained the law firm of MILL STONE LEGAL GROUP, LLC to represent Plaintiff in this matter and has agreed to compensate the firm a reasonable fee for its services.

39. All conditions precedent to the filing of his action have either been complied with, satisfied or waived.

## COUNT I – ACTION FOR UNPAID WAGES
### *(Magnum and Magadino)*

40. Plaintiff re-alleges paragraphs 1 through 39 above as if fully stated herein.

41. Defendants have a duty under Florida Law to pay Plaintiff all earned wages.

42. Defendants failed to pay Plaintiff his earned and agreed upon wages for hours Plaintiff worked during the course of his employment with Magnum.

43. Specifically, Mangum failed to compensate Plaintiff for the twenty-four hours of

regular time that Plaintiff worked for Defendants on April 22, 2018, April 23, 2018 and April 24, 2018.

44. To date, Defendants failed to fully compensate Plaintiff for all the wages earned by Plaintiff, causing Plaintiff to suffer damages in the form of unpaid wages and lost interest.

45. As a result of Defendants' actions, Plaintiff has incurred attorney's fees and taxable costs in bringing this action.

46. Under Fla. Stat. §448.08, Plaintiff is entitled to the recovery of costs and attorney's fees for successfully prevailing in this action.

**WHEREFORE**, Plaintiff, ROBERT DEL TORO, respectfully requests the Honorable Court to enter Judgment against Defendants, MAGNUM CONSTRUCTION SERVICES, INC. and ANTHONY J. MAGADINO, individually, in favor of Plaintiff, for unpaid regular wages of $600.00, pre-judgment interest, post judgment interest, costs and attorney's fees, and any other relief this Court deems just and proper.

### COUNT II - RECOVERY OF UNPAID OVERTIME
*(Magnum and Magadino)*

47. Plaintiff re-alleges paragraphs 1 through 39 above as if fully stated herein.

48. Pursuant to 29 U.S.C. §207(a)(1), Del Toro is entitled to be paid one and one-half times Del Toro's regular pay rate for each hour Del Toro worked in excess of forty (40) hours of work per week.

49. Plaintiff was employed by Defendant, Magnum, as a non-exempt hourly employee, earning a wage of $25.00 per hour, and entitled to receive overtime compensation at a rate of $37.50 per hour.

50. However, Magnum willfully violated the FLSA by failing to keep accurate time records for Plaintiff, including all hours worked by Plaintiff in furtherance of Defendants' business.

6

51. As a result of Defendants' willful failure to keep accurate time records under the FLSA, the overtime hours worked by Plaintiff were disputed between the parties.

52. The parties resolved the dispute by agreeing that Plaintiff's unpaid overtime wages were $8,000.00 and would be paid by Defendant in weekly installments of $1,000.00 per week, commencing on April 27, 2018 and continuing every Friday thereafter until the overtime wages were paid in full.

53. Defendant paid Del Toro $1,000.00 on April 27, 2018, and thereafter failed to pay Plaintiff any other sums on Plaintiff's unpaid overtime wages.

54. Defendants failure to pay Plaintiff his overtime wages was willful.

55. Defendant owes Plaintiff $7,000.00 in outstanding and unpaid overtime wages.

56. By reason of the willful and unlawful acts of the Defendants, Magnum and Magadino, Plaintiff has suffered damages in the form of unpaid overtime wages, pre-judgment interest, post judgment interest, attorney's fees and costs.

57. Plaintiff is entitled to recover Plaintiff's damages from Defendants, including recovery of attorney's fees and costs in litigating this matter, pursuant to 29 U.S.C. §216(b).

58. As a result of Defendants' willful violations of §207 of the FLSA, Del Toro is also entitled to recover liquidated damages in the amount of $7,000.00, equal to that which he is owed as unpaid overtime compensation.

59. At all times material hereto, Defendants failed, and continues to fail to maintain proper and accurate time records as mandated by §211 of the FLSA.

**WHEREFORE**, Plaintiff, ROBERT DEL TORO, seeks the entry of Judgment against Defendants, MAGNUM CONSTRUCTION SERVICES, INC. and ANTHONY J. MAGADINO, individually, in favor of Plaintiff, for unpaid overtime wages in the amount of $7,000.00, an

equal amount of liquidated damages in the amount of $7,000.00, pre-judgment interest, post judgment interest and attorney's fees and costs in bringing this action, and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated:  October 25, 2019.

        Respectfully submitted,

        **MILL STONE LEGAL GROUP, LLC**

        */s/ Matthew R. McGuigan*
        MATTHEW R. MCGUIGAN, ESQ.
        FL Bar No.: 113357
        3333 W. Commercial Blvd., Ste. 115
        Fort Lauderdale, FL 33309
        Tel: 754-227-1610
        Fax: 215-475-4764
        E-mail:  mmcguigan@millstonelegal.com
        *Attorney for Plaintiff Robert Del Toro*