UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62671-SMITH/VALLE

ROBERT DEL TORO,

    Plaintiff,

v.

MAGNUM CONSTRUCTION SERVICES, INC.,
ANTHONY J. MAGADINO, and
DONNA MAGADIONO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Final Judgment (ECF No. 49) (the "Motion for Final Judgment") and Plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest (ECF No. 43) (the "Motion for Attorney's Fees") (jointly the "Motions"). U.S. District Judge Rodney Smith has referred the Motions to the undersigned "for appropriate resolution." (ECF No. 16).

Accordingly, having considered the respective Motions, responses (ECF Nos. 46, 50), and replies (ECF Nos. 47, 48), and being duly advised in the matter, the undersigned respectfully recommends that Plaintiff's Motion for Final Judgment be **GRANTED** and Plaintiff's Motion for Attorney's Fees be **GRANTED IN PART** to award Plaintiff $12,131.16 in fees and $480 in costs.

## I.     PROCEDURAL BACKGROUND

Plaintiff Robert Del Toro ("Plaintiff") worked for Defendants Magnum Construction Services, Inc. ("Magnum"), Anthony J. Magadino, and Donna Magadino ("Defendants") from January 29, 2018 until his termination on April 24, 2018.  (ECF No. 43 at 1).  Upon Plaintiff's termination, Defendants allegedly owed Plaintiff $7,000 in overtime wages and $600 in regular wages for three days of work.  *Id.*

On October 25, 2019, Plaintiff filed a Complaint against Defendants Magnum and Anthony Magadino, seeking recovery for unpaid regular wages under Florida law (Count I) and unpaid overtime wages under the Fair Labor Standards Act[1] (the "FLSA") (Count II).  (ECF No. 1).  On February 20, 2020, Plaintiff filed an Amended Complaint, which added Defendant Donna Magadino as a party and also added a new count for breach of contract (Count III).  (ECF No. 23). On April 6, 2020, without having answered the Amended Complaint, Defendants filed an Amended Notice of Admission of Liability ("Admission of Liability"), in which they accepted liability for the full amount listed in Plaintiff's Statement of Claim:  $7,000 in unpaid wages; $7,000 in liquidated damages; and $600 in unpaid regular wages.  (ECF No. 40 at 1); *see* (ECF No. 7) (Statement of Claim).  In the Admission of Liability, Defendants agreed to have the Court "determine the amount, if any, of a reasonable attorney's fee and costs."  (ECF No. 40 at 2).  The instant Motions followed.

---

[1] In February 2019, months before commencing this federal action, Plaintiff filed a wage theft complaint with the Miami-Dade Office of Consumer Protection Board, alleging an unpaid wage claim under Chapter 22 of Miami Dade County Code. On October 22, 2019, a hearing examiner dismissed Plaintiff's claim and found that Plaintiff was an independent contractor. (ECF Nos. 43 at 2, 46 at 4). Also prior to filing the instant Complaint, Plaintiff's counsel spent time researching the possibility of filing an administrative complaint in Broward County. (ECF No. 46 at 4).

2

## II. ANALYSIS

### A. *Final Judgment Should be Granted in Favor of Plaintiff*

In the Motion for Final Judgment, Plaintiff seeks entry of final judgment in its favor in the amount of $14,600. (ECF No. 49). Although Defendant concedes that the amount of the judgment is correct, Defendant argues that the Motion for Final Judgment should be stricken "as offensive under the local rules and [that the Court should] require Plaintiff to show cause [why] he failed to comply." (ECF No. 50 at 2). Specifically, Defendant avers that Plaintiff failed to comply with various Local Rules of this District, including Rule 7.1(a)(1) (requiring filing of a memorandum of law in support of the motion), Rule 7.1.(a)(2) (requiring submission of proposed order for the Court), and Rule 7.1.(3) (requiring a pre-filing conference between the parties). (ECF No. 50 at 1). Given the posture of the case (where Defendant has admitted full liability and will suffer no prejudice from proceeding), and in the interest of judicial economy and efficient case administration, the undersigned will excuse these procedural missteps and address the substance of the Motion.

This case includes claims under the FLSA for alleged violations of the statutory overtime provisions. *See generally* (ECF No. 23). After months of pre-filing and post-filing negotiations and discovery, Defendants admitted full liability and tendered payment of the $14,600 claimed by Plaintiff for unpaid wages and liquidated damages. *See generally* (ECF Nos. 40 and 50-1). On July 7, 2020, Plaintiff filed his Motion for Final Judgment.

Generally, before the Court can dismiss an FLSA case after a settlement between the parties, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona

fide dispute over FLSA provisions."[2] *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Here, however, there has been no settlement. Rather, Defendants admitted full liability for Plaintiff's claims, including liquidated damages and reasonable attorney's fees and costs, and tendered full payment of $14,600. (ECF Nos. 40, 50-1).

In the Motion for Final Judgment, Plaintiff confirms that his claims have not been compromised in that Defendants admitted liability for the full amount sought in the Amended Complaint and Statement of Claim. (ECF Nos. 1, 7). Moreover, Defendants have acknowledged their responsibility to pay reasonable attorney's fees, as determined by the Court. *See* (ECF Nos. 40, 46 at 1). Against this background, and in light of Defendants' admission of liability, subsequent tender of the full amount of Plaintiff's claim, and willingness to pay reasonable attorney's fees as determined by the Court, the undersigned concludes that this case does not involve a compromise of Plaintiff's claim. Rather, in situations such as this, where "judicial inquiry confirms both full compensation and no side deal (in other words, the absence of compromise)," "no further judicial inquiry is necessary." *See Scippio v. Peopleready, Fla., Inc.,* No. 2:18-CV-344-FTM-99CM, 2018 WL 4964636, at *2 (M.D. Fla. Sept. 28, 2018), *report and recommendation adopted*, No. 2:18-CV-344-FTM-38CM, 2018 WL 4963739 (M.D. Fla. Oct. 15, 2018) (citing *Dees*, 706 F. Supp. 2d at 1240; *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D.

---

[2] In doing so, courts consider various factors, including the: (1) possible existence of collusion behind the settlement; (2) complexity, expense, and likely duration of the litigation; (3) stage of the proceedings and the amount of discovery completed; (4) probability of the plaintiff's success on the merits; (5) range of possible recovery; and (6) opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)*. In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

Fla. 2003) ("There is no need for judicial scrutiny where, as here, the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation.")). Accordingly, the undersigned recommends that **FINAL JUDGMENT** be entered in favor of Plaintiff for $14,600.[3]

### B.  *The Motion for Fees and Costs Should be Granted in Part*

Under the American Rule, litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g., In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, the FLSA provides for attorney's fees to the prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits; or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)). Thus, upon obtaining Final Judgment in his favor as set forth above, Plaintiff has become the prevailing party and thus entitled to reasonable fees and costs under the FLSA.

In the Motion for Attorney's Fees, Plaintiff requests an award of $20,193.35 in fees, $500.04 in costs, and $1,802.45 in prejudgment interest. (ECF No. 43 at 4, 5). Defendants do not challenge Plaintiff's entitlement to reasonable fees and costs under the FLSA nor the reasonableness of

---

[3] The undersigned also notes that when a defendant offers to settle for the full amount of Plaintiff's claim, including an equal amount in liquidated damages, and reasonable attorney's fees and costs, such a settlement would generally be found to be a fair and reasonable resolution of the bona fide disputes between these parties over FLSA provisions. *See Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2011 WL 13173812, at *1 (S.D. Fla. Jan. 11, 2011) (citing *Lynn's Food Stores*, 679 F.2d at 1354).

5

Plaintiff's counsel's $385 hourly rate.[4] (ECF No. 46 at 3 n.1). Defendants do challenge, however, the reasonableness and relatedness of counsel's hours and costs expended on the FLSA case and Plaintiff's claim for prejudgment interest. *Id*. at 3-7. Accordingly, the undersigned finds that Plaintiff is entitled to recover attorney's fees at counsel's hourly rate and will only address the reasonableness of counsel's requested hours.

### 1.     The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc*., 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps*

---

[4] Nonetheless, the undersigned has considered the relevant *Johnson* factors, counsel's affidavit, and the record in this case. *Johnson v. Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974); (ECF Nos. 43, 43-1). Based on this review, and in the Court's own judgment and expertise, the Court independently finds that $385 is a reasonable rate for Plaintiff's counsel. *See Vantrease v. U.S. Postal Service*, No. 18-CV-61358-BB (S.D. Fla. Dec. 09, 2019) (ECF No. 52) (awarding fees to attorney McGuigan at hourly rate of $385); *Herrera v. Adcock Custom Ceilings and Walls, Inc., et al.,* No. 18-CV-61808-MGC (S.D. Fla. Nov. 14, 2018) (ECF No. 52) (awarding fees to attorney McGuigan at $375 hourly rate).

*S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 2. Reasonable Hours Expended

Having found that attorney McGuigan's hourly rate is reasonable, the undersigned addresses the reasonableness of the hours expended by the attorney working on the case.[5] As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (quotations and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301. Here, Plaintiff seeks $20,293.35 in attorneys' fees, including time spent preparing and handling administrative matters that pre-date the filing of the instant action. (ECF Nos. 43 at 4-5, 43-1 at 4-5). As discussed below, Defendants object to the fees on several grounds.

---

[5] In support of Plaintiff's Motion for Attorney's Fees, counsel has submitted billing records. (ECF No. 43-1 at 5-16).

### a. Pre-Suit Administrative Matters

Defendants argue that attorney time incurred prior to the filing of the instant action is not recoverable. *See* (ECF No. 46 at 3-4). In particular, Defendants object to 15.64 hours billed (resulting in $6,021.40 in fees) in connection with Plaintiff's administrative complaint and hearing before the Miami-Dade Consumer Protection board. *Id.* Plaintiff counters that this pre-suit activity is recoverable because it "reflect[s] Plaintiff's attempt to resolve the matter expeditiously and without incurring extensive litigation fees and costs associated with protracted litigation" and led to "invaluable sworn testimony," including "Defendants['] admission that they owed Plaintiff the outstanding wages Plaintiff was claiming, eventually leading the Defendants to admitting liability in the instant litigation." (ECF No. 48 at 2). Plaintiff adds that counsel has already exercised billing judgment by requesting payment for only three of the many hours he spent working in connection with the administrative process. *Id.*

Although the undersigned appreciates Plaintiff's argument that, to some extent, the time spent working on pre-suit administrative matters may have ultimately served to reduce time spent drafting the Complaint in this case, the undersigned is not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428. Thus, the undersigned concludes that the time spent working on pre-suit administrative matters is not recoverable and should be deducted from the fee award (15.64 hours x $385 = $6,021.40).

### b. Allegedly Unnecessary Work

Next, Defendants argue that certain billing entries reflect unnecessary work and should not be recoverable. *See* (ECF No. 46 at 4-5). For example, Defendants assert that counsel's 2.53 hours drafting a settlement agreement and stipulation of settlement that never materialized should be

disallowed as "unnecessary." *Id.* at 4. While the record reflects that the parties engaged in tough negotiations, nothing in the record indicates that Plaintiff acted in bad faith. Accordingly, the undersigned concludes that the 2.53 hours counsel spent drafting these documents was not unnecessary and should be awarded.

Relatedly, Defendant also argues that time spent drafting the instant fee petition should be denied because it "would have been wholly unnecessary if Plaintiff had engaged in good faith settlement negotiations," during which Plaintiff could have, but did not, address the issue of fees. *Id.* at 5. The undersigned finds this argument unpersuasive and not supported by the record.[6] Moreover, a prevailing FLSA plaintiff may recover fees incurred in connection with the drafting of the fee motion. *Johnson v. S. Fla. Paving Grp., LLC*, No. 16-CV-62689, 2020 WL 5113592, at *1 n.4 (S.D. Fla. Aug. 31, 2020) ("'Fees on fees' are recoverable in FLSA cases.") (citing *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017); *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010); *Valley v. Ocean Sky Limo,* 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015)). Thus, Plaintiff should be awarded fees for the time spent preparing the instant Motion.

Defendants also argue that Plaintiff needlessly billed 1.61 hours for drafting and filing an Amended Complaint that added nothing to the initial Complaint, and for leaving voice messages to his client. In response, Plaintiff asserts that the Amended Complaint was "necessary to add an additional party defendant, Donna Magadino," and to add a new claim for breach of contract. (ECF

---

[6] For example, email correspondence from attorney McGuigan to defense counsel confirms that fees were discussed during the negotiations. (ECF No 48-1 at 4) (2/24/2020 email stating: "Plaintiff will settle the above referenced matter for a sum of $24,500. This sum includes unpaid overtime wages, unpaid wages, liquidated damages, attorney's fees and costs.").

No. 48 at 5). The undersigned finds these entries are appropriate and should be included in the fee award.

     c. *Excessive, Duplicative, Vague Entries, and Block Billing*

Defendants further argue that Plaintiff should be denied fees for time entries that are excessive, duplicative, and vague or that constitute inappropriate block billing. (ECF No. 46 at 5). More specifically, as discussed below, Defendants challenge nine entries, totaling 10.07 hours:

  (i)  December 30, 2019 (.14 hours to "review email from oc; draft response email and send to oc."). Defendant challenges this entry as "vague." The undersigned finds this time entry appropriate without need for reduction.

  (ii)  January 10, 2020 (.93 hour to "amend magistrate election to remove oc; draft and file motion for extension and file with Court."). Defendants challenge this entry as "excessive." The undersigned concludes that this time entry should be adjusted, as set forth below.

  (iii)  January 29, 2020 (.40 hours to "email mediator for available dates; draft notice of mediation and email oc for confirmation."). Defendants challenge this entry as "excessive, duplicative." Together with the time entry of January 30, 2020 (related to mediation), see *infra*, the undersigned finds that this entry should be adjusted, as set forth below.

  (iv)  January 30, 2020 (.31 hour to "complete drafting of mediation notice; email mediator for additional dates if needed for amendments; and file with Court."). Defendants challenge this entry as "excessive, duplicative." The undersigned finds that the entry should be adjusted, as set forth below.

  (v)  February 11, 2020 (.42 hour to "review email from oc and respond"). Defendants challenge this entry as "excessive." The undersigned finds this entry appropriate without need for reduction.

10

(vi)   April 1, 2020 (3.03 hours to "review Defts' Motion to continue stay; conduct legal research and draft, revise and finalize response; file with Court"). Defendants challenge this entry as "excessive, duplicative." The undersigned finds that the time entry should be adjusted, as set forth below.

(vii)  February 27, 2020, April 3, 2020 and April 8, 2020 (entries totaling 4.48 hours). Defendants challenge these entries as "block billing," which is "the practice of including multiple and distinct tasks within the same time entry." *Bujanowski v. Kocontes*, No. 8:08-cv-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009). Upon review of the challenged billing entries, the undersigned finds that these entries constitute block billing. For example, the April 3, 2020 entry reads: "review and draft response to Defendant's Affidavit and motion in opposition; go back and forth with oc regarding settlement of case; review emails and Defendants' Responses to RFP to support reply." *Id.* Thus, it contains distinct tasks lumped together into one entry, totaling 4.15 hours, and constitutes improper block billing. While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects before it can approve payment for the time incurred. *See Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *15 (S.D. Fla. July 15, 2011). Because of counsel's billing inefficiency, however, it is impossible for the undersigned "to ascertain how much time was spent on each task." *Dial HD, Inc. v. Clearone Comm'n, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013); *see also Bujanowski*, 2009 WL 1564263 at *2 (explaining that courts have "broad discretion in determining the extent to which a reduction in fees is warranted by block billing").

### d. *Recommended Adjustment*

To address the billing inefficiencies discussed above, the undersigned recommends an across-the-board 15% reduction to the fees requested. *See, e.g., Ovalle v. Perez*, No. 16-CV-62134, 2017 WL 7792719, at *4 (S.D. Fla. Nov. 9, 2017), *report and recommendation adopted*, No. 16-CV-62134-CIV, 2017 WL 7796183 (S.D. Fla. Nov. 30, 2017) (recommending a 10% reduction for use of block billing, redacted time entries, and redundancy in efforts); *Shipping and Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290 (S.D. Fla. 2017) (adopting recommendation for a 15% reduction in fees based on billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015), *report and recommendation adopted*, No. 14-CIV-20786, 2015 WL 11216722 (S.D. Fla. Apr. 22, 2015) (recommending a 30% reduction to counsel's hours for use of block billing); *see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut).

Accordingly, Plaintiff should be awarded a total of $12,131.16, resulting from a 15% reduction in the overall fees (after deducting $6,021.40 incurred for administrative pre-suit matters).[7]

### 3.   Costs

In addition to fees, the FLSA allows a prevailing plaintiff to recover its reasonable costs. 29 U.S.C. § 216(b). The Court has discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987). Here, Plaintiff

---

[7] The 15% deduction is calculated as follows:  $20,293.35 (total fees requested) - $6,021.40 (incurred for administrative pre-suit matters) = $14,271.95 - 15% ($2,140.70) = $12,131.16.

requests reimbursement of $500.04 for costs incurred. *See* (ECF No. 43-1, Exhibit 2). More specifically, Plaintiff requests $400 for filing fees, $80 for service of process ($40 each for service on two defendants), $7.50 for parking, $2.14 for tolls, $2.40 for copies, $8.00 for postage for demand letter and supplies. For the reasons discussed below, the undersigned recommends that Plaintiff be awarded $480 in costs.

    *a. Filing fee*

Pursuant to 28 U.S.C. § 1920(1), the $400 fee for filing the Complaint is recoverable.

    *b. Service of Process*

Additionally, 28 U.S.C. § 1920(1) permits recovery of fees for private service of process, as long as they do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). Plaintiff requests a total of $80 for service of process on two parties (at $40 each). *See* (ECF No. 43-1, Exhibit 2). In this regard, the Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United States Marshals Service for personal service of process are $65 per hour. *See Monelus*, 609 F. Supp. 2d at 1333. Consequently, the undersigned finds that Plaintiff should recover $80 for service of process on Defendants.

    *c. Postage*

Plaintiff seeks $8 for mailing a demand letter. However, mailing costs are not recoverable under 28 U.S.C. § 1920. *See, e.g., James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 648-49 (S.D. Fla. 2007) (denying charges for postage costs as not covered under 28 U.S.C. § 1920).

    *d. Pre-suit Expenses, including Parking, Tolls and Copies*

As discussed above, *see* Section II.B.2.a, costs incurred in the connection with the administrative process and complaint filed with the Miami-Dade Consumer Protection board are

13

unrelated to the instant FLSA suit and are not recoverable. Thus, the costs for parking and tolls associated with the administrative hearing, totaling $12.04, should not be recovered.

Thus, pursuant to 28 U.S.C. §1920, Plaintiff should be awarded costs in the amount of $480, which include the costs of service of process ($80) and the filing fee ($400).

### C. *Prejudgment Interest Should be Denied*

Plaintiff also seeks $1,802.45 in prejudgment interest. (ECF No. 43 at 5). Under Eleventh Circuit and Southern District of Florida precedent, however, a prevailing party in a wage dispute case may not recover prejudgment interest. *See, e.g., Lindsey v. Am. Cast Iron Pipe Co.*, 810 F.2d 1094, 1101 (11th Cir. 1987) ("In this circuit a plaintiff may not recover prejudgment interest in a private FLSA action."); *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1334 (S.D. Fla. 2016) (FLSA plaintiff may not recover both liquidated damages and prejudgment interest). Accordingly, the undersigned recommends against awarding prejudgment interest.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the:

(i) Motion for Final Judgment (ECF No. 49) be **GRANTED.** The Court should enter judgment in favor of Plaintiff and against Defendants in the amount of $14,600;

(ii) Motion for Attorney's Fees (ECF No. 43) be **GRANTED IN PART**. Specifically, Plaintiff should be awarded a total of **$12,131.16** in attorney's fees and **$480** in costs; and

(iii) Case be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla.

Mag. J. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 3, 2020.

                                                          ALICIA O. VALLE
                                                          UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
      All Counsel of Record