UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-62671-CIV-SMITH/VALLE

ROBERT DEL TORO,

    Plaintiff,

vs.

MAGNUM CONSTRUCTION
SERVICES, INC., *ET AL.*,

    Defendants.
    _____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court upon Magistrate Judge Valle's Report and Recommendation to District Judge [DE 55] ("Report"), in which she recommends granting Plaintiff's Motion for Final Judgment [DE 49] and granting in part Plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest [DE 43] ("Fees Motion"). Plaintiff has filed Objections [DE 56], objecting to the Magistrate Judge's recommendation to not award certain pre-suit attorneys' fees. In the Objections, Plaintiff also seeks additional attorneys' fees incurred after the filing of his Fees Motion. For the reasons set forth below, the Report is affirmed and adopted.

Plaintiff objects to the Magistrate Judge's recommendation that $6,021.40 in attorney's fees incurred preparing and handling administrative mattes that pre-date the filing of this action. Plaintiff argues that such administrative, pre-suit work is compensable and that the work done was useful and was the type of work ordinarily necessary to secure the final result in this case. The cases cited by Plaintiff in support of this proposition, however, all involve civil rights actions and fees sought pursuant to civil rights statutes. *See Webb v. Bd. of Educ. of Dyer Cty., Tenn.*, 471 U.S. 234 (1985) (seeking fees pursuant to 42 U.S.C. § 1988); *N. Carolina Dep't of Transp. v. Crest St. Cmty. Council, Inc.*, 479 U.S. 6 (1986) (same); *Hensley v. Eckerhart*, 461 U.S. 424 (1983)

(same); *Lambert v. Fulton Cty., Ga.*, 151 F. Supp. 2d 1364, 1367 (N.D. Ga. 2000) (seeking fees pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5). Plaintiff has provided no authority applying such reasoning to actions brought pursuant to the Fair Labor Standards Act (FLSA). Accordingly, Plaintiff has failed to establish that the fees incurred pre-suit in administrative proceedings are compensable under the FLSA. Therefore, this objection is overruled.

Next, Plaintiff does not raise an objection to the Report but, instead, seeks additional fees incurred after the filing of the Fees Motion. Objections to a magistrate judge's report and recommendation are not the appropriate vehicle for such a request. *See* Fed. R. Civ. P. 8(b)(1) (stating "[a] request for a court order must be made by motion."); S.D. Fla. Local Rule 7.3 (setting out the requirements for a motion for attorneys' fees). Objections to a report and recommendation are to oppose specifically identified portions of the proposed findings, recommendations or report, to specify the basis for such opposition, and to provide supporting legal authority. *See* S.D. Fla. Mag. J.R. 4(b). Plaintiff's request for additional fees is not a specific opposition to any portion of the Report.

Accordingly, having reviewed the Report, the Motion to Tax Costs, the Motion for Attorneys' Fees and Non-Taxable Expenses, the record, and given that Plaintiff has not filed actual objections to the Report, it is

**ORDERED** that

1.  Magistrate Judge Valle's Report and Recommendation to District Judge [DE 55] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2.  Plaintiff's Motion for Final Judgment [DE 49] is **GRANTED.**

3.  Plaintiff's Motion for Attorney's Fees, Costs and Prejudgment Interest [DE 43] is **GRANTED in part and DENIED in part.** Plaintiff is awarded $12,131.16 in attorney's fees and $480.00 in costs.

4. The Court will enter a separate judgment.

5. This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 28th day of December, 2020.

_____
RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record