UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-62671-SMITH/VALLE

ROBERT DEL TORO,

    Plaintiff,

v.

MAGNUM CONSTRUCTION SERVICES, INC.,
ANTHONY J. MAGADINO, and
DONNA MAGADIONO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Motion for Supplemental Attorney's Fees (the "Motion for Supplemental Fees") (ECF No. 60). U.S. District Judge Rodney Smith has referred the Motion to the undersigned "for appropriate resolution." (ECF No. 16). Accordingly, having considered the Motion, response (ECF No. 63-1), and reply (ECF No. 64), and being duly advised in the matter, the undersigned respectfully recommends that Plaintiff's Motion be **DENIED** for the reasons set forth below.

### I.    PROCEDURAL BACKGROUND

Plaintiff Robert Del Toro ("Plaintiff") worked for Defendants Magnum Construction Services, Inc. ("Magnum"), Anthony J. Magadino, and Donna Magadino ("Defendants") for approximately three months, from January 29, 2018 until his termination on April 24, 2018. (ECF Nos. 23 ¶¶ 17, 19, 43 at 1). Upon Plaintiff's termination, Defendants allegedly owed Plaintiff $7,000 in overtime wages and $600 in regular wages for three days of work. (ECF Nos. 23 ¶¶ 31, 33, 43 at 1).

On October 25, 2019, Plaintiff filed a Complaint against Defendants Magnum and Anthony Magadino, for unpaid regular wages under Florida law (Count I) and unpaid overtime wages under the Fair Labor Standards Act (the "FLSA") (Count II). (ECF No. 1). On February 20, 2020, Plaintiff filed an Amended Complaint, adding Defendant Donna Magadino as a party and also adding a count for breach of contract (Count III). (ECF No. 23). On April 6, 2020, Defendants filed an Amended Notice of Admission of Liability ("Admission of Liability"), in which they accepted liability for the full amount listed in Plaintiff's Statement of Claim: $7,000 in unpaid wages; $7,000 in liquidated damages; and $600 in unpaid regular wages. (ECF No. 40 at 1); *see* (ECF No. 7) (Statement of Claim). In the Admission of Liability, Defendants agreed to have the Court "determine the amount, if any, of a reasonable attorney's fee and costs." (ECF No. 40 at 2).

Subsequently, on April 20, 2020, Plaintiff filed his initial Motion for Attorney's Fees, Costs and Prejudgment Interest, which Defendants opposed on various grounds (the "Initial Motion for Fees"). *See* (ECF Nos. 43, 46, 47, 48). Consistent with the undersigned's practice, the undersigned required that Plaintiff file a Notice of Previously Awarded Fees and Costs, which Plaintiff filed the same day. (ECF Nos. 51, 52). In the Initial Motion for Fees, Plaintiff requested an award of $20,293.35 in fees, $500.04 in costs, and $1,802.45 in prejudgment interest. (ECF No. 43 at 4, 5). Although Defendants did not challenge Plaintiff's entitlement to reasonable fees (and costs) under the FLSA nor the reasonableness of counsel's $385 hourly rate, (ECF No. 46 at 3 n.1), they did challenge the reasonableness of the hours counsel expended on the FLSA claim and Plaintiff's request for prejudgment interest. *Id*. at 3-7.

After considering the parties' arguments and the law, the undersigned recommended that counsel be awarded $12,131.16 in fees, plus certain costs. (ECF No. 55 at 8). This reduced fee reflected a $6,021.40 cut for time expended by counsel on pre-suit administrative matters and another

2

15% overall reduction to account for certain billing inefficiencies. *Id.* at 8, 10-12. Relevant to the instant Motion for Supplemental Fees, the undersigned also recommended that Plaintiff be awarded "fees for the time spent preparing the [Initial Motion for Fees]." *Id.* at 9.

Plaintiff timely objected to the Report and Recommendation, arguing that: (i) the undersigned erred in declining to award fees for the time counsel spent working on pre-suit administrative matters; and (ii) counsel was entitled to additional fees incurred *after* the filing of the Initial Fees Motion. *See generally* (ECF No. 56). The District Court rejected both arguments, instead affirming and adopting the Report and Recommendation. (ECF No. 57). As to the request for additional fees, the District Court noted that "[o]bjections to a magistrate judge's report and recommendation are not the appropriate vehicle" to request additional fees incurred after the filing of the Initial Motion for Fees. *Id.* at 2. Rather, a request for "a court order must be made by motion." *Id.* at 2 (citing Fed. R. Civ. P. 8(b)(1) and S.D. Fla. Local Rule 7.3). Accordingly, the District Court entered Final Judgment for Plaintiff, awarded Plaintiff $12,131.16 in fees, and closed the case. *Id.* at 2-3; *see also* (ECF No. 58) (Final Judgment in favor of Plaintiff against Defendants in the amount of $14,600, plus attorney's fees of $12,131.16 and costs of $480.00, for a total of $12,611.16).

Thereafter, Plaintiff filed two motions: (i) a Motion for Reconsideration of the District Court's Order overruling Plaintiff's objection to the Magistrate Judge's recommendation that fees for time spent on pre-suit matters be excluded from the fee award (ECF No. 59);[1] and (ii) the instant Motion for Supplemental Fees. (ECF No. 60).

---

[1] The Motion for Reconsideration is pending before the District Judge.

## II.   ANALYSIS

*Plaintiff's Request to Amend the Final Judgment to Award Additional Fees Should be Denied*

In the Motion for Supplemental Fees, Plaintiff asserts that he "brings the [instant] motion seeking the Court to amend the Final Judgment to include attorney's fees incurred by Plaintiff subsequent to April 20, 2020, the date Plaintiff filed [the Initial Motion for Fees], which were not addressed in the Magistrate Judge's Report and Recommendation or included in the [District] Court's . . . Final Judgment." (ECF No. 60 at 3). Thus, Plaintiff argues that he is "entitled" to recover additional attorney's fees incurred after the filing of the Initial Motion for Fees. *Id.* at 4.

More specifically, Plaintiff requests fees for the following tasks completed after April 2020: (i) Plaintiff's Reply to Defendants' opposition to Plaintiff's Initial Motion for Fees (ECF Nos. 47, 48); (ii) Plaintiff's Motion for Final Judgment (ECF No. 49); (iii) Plaintiff's Notice of Previously Awarded Attorney's Fees and Costs (ECF No. 52); (iv) Plaintiff's Notices of Ninety Days Expiring (ECF Nos. 53, 54); (v) Plaintiff's Objections to Magistrate Report and Recommendation to District Judge (ECF No. 56); (vi) Plaintiff's Motion for Reconsideration of Order Overruling Plaintiff's Objections to Magistrate's Report and Recommendation (ECF No. 59); and (vii) Plaintiff's Motion for Supplemental Fees (ECF No. 60). Thus, Plaintiff requests an additional $8,470 for 22 hours billed at $385 per hour. (ECF No. 60 at 4). In response, Defendants point out that Plaintiff has already been paid fees previously ordered by the Court, which was a reasonable amount under the FLSA. (ECF No. 63-1 at 2). Defendants also argue that they need "finality and relief from Plaintiff's [vexatious] pleadings . . . to generate more fees." *Id.*

Plaintiff is correct that fees incurred in connection with litigating attorneys' fees and costs, commonly referred to as "fees on fees," are generally recoverable in FLSA cases. *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-CV-61767, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017)

4

(citing *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010)); *see also Johnson v. S. Fla. Paving Grp., LLC*, No. 16-CV-62689, 2020 WL 5113592, at*1 n.4 (S.D. Fla. Aug. 31, 2020); *Valley v. Ocean Sky Limo,* 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015).  Here, however, although the undersigned is not unsympathetic to counsel's desire and continued efforts to be compensated for the time expended litigating the amount of his fee award, the undersigned recommends that the Motion for Supplemental Fees be denied.

First, the undersigned has already determined and awarded counsel reasonable fees. *See generally* (ECF No. 55).  This award includes all fees related to the initial motion for fees, *i.e.*, the motion, the replies, and the Notice of Previously Awarded Fees and Costs, all of which were completed and filed prior to the issuance of the undersigned's Report and Recommendation.[2]  The Report and Recommendation clearly stated:

> [A] prevailing FLSA plaintiff may recover fees incurred in connection with the drafting of the fee motion. *Johnson v. S. Fla. Paving Grp., LLC*, No. 16-CV-62689, 2020 WL 5113592, at *1 n.4 (S.D. Fla. Aug. 31, 2020) ("'Fees on fees' are recoverable in FLSA cases.") (citing *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CIV, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010); *Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015)).  Thus, Plaintiff should be awarded fees for the time spent preparing the instant Motion.

(ECF No. 55 at 9).  The fees now requested in the Motion for Supplemental Fees were known to Plaintiff prior to the December 2020 Report and Recommendation.  Although Plaintiff's counsel had ample opportunity to supplement his initial request for fees and provide additional billing records for the work performed in drafting the reply and the Notice of Previously Awarded fees, Plaintiff did not do so.  Nor did Plaintiff's counsel attempt to reserve his right to request additional fees. *Cf. Bianchi v. Bronson & Migliaccio, LLP.*, No. 09-CV-61164, 2011 WL 379115, at *1, 10 (S.D. Fla. Feb. 2,

---

[2] The Report and Recommendation was filed on December 3, 2020.  (ECF No. 55).

2011) (granting supplemental fees where initial motion for fees preserved plaintiff's right to file supplemental declaration for additional fees). Thus, to the extent that some of the tasks were not addressed in the Report and Recommendation, any omission was due to Plaintiff's failure to bring these tasks to the undersigned's attention prior to the issuance of the Report and Recommendation. Against this background, Plaintiff should not now belatedly seek another and bigger bite at the apple. *See Bouchouk v. Econ. Food Store, Inc.*, No. 20-CV-20982, 2020 WL 8262409, at *5 (S.D. Fla. Nov. 3, 2020), *report and recommendation adopted sub nom. Bouchouk v. Econ. Food Stores, Inc.*, No. 20-CV-20982, 2021 WL 243688 (S.D. Fla. Jan. 25, 2021) (holding that it is within the District Court's ultimate discretion to adjust the fees to an amount it deems reasonable and proper pursuant to Eleventh Circuit's parameters) (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)); *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1492 (11th Cir. 1994) ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

Second, with reference to time spent drafting Plaintiff's objections to the Report and Recommendation, the District Court already rejected Plaintiff's arguments. Thus, recovery of fees for that failed effort would be inappropriate. Similarly, the time expended on the instant Motion for Supplemental Fees should likewise be denied. *See Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (citing *Hensley v. Eckerhart,* 461 U.S. 424 (1983)) ("Lawyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation.'").

Lastly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*,168 F.3d 423, 428 (11th Cir. 1999). Nor are courts

required to become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.* Against this legal and factual background, the undersigned recommends that the Motion for Supplemental Fees be denied.[3]

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Supplemental Fees be **DENIED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on August 3, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
    All Counsel of Record

---

[3] Lastly, as noted *supra* at 4, Plaintiff's Motion for Supplemental Fees requests the entry of "an Order . . . *amending* the Final Judgment . . . to include additional reasonable attorney's fees." (ECF No. 60 at 4) (emphasis added). Generally, motions to amend a judgment may be brought under either Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g., Monticello Ins. Co. v. City of Miami Beach*, No. 06-CV-20459, 2010 WL 11506144, at *2 (S.D. Fla. Feb. 17, 2010). Under either Rule, however, the motion "cannot be used to relitigate old matters, raise argument or present evidence *that could have been raised prior to the entry of judgment*." *Asalde v. First Class Parking Sys., LLC*, No. 16-CV-20027, 2019 WL 5209076, at *1 (S.D. Fla. Feb. 26, 2019) (emphasis added) (citing *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010)). Here, Plaintiff has not properly sought to amend the judgment under Rule 59 or Rule 60, nor set forth any grounds excusing counsel's failure to include the supplemental fees in the initial motion.